IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHARON ROSE SMITH, #55415                                                                  PLAINTIFF

VERSUS                                            CIVIL ACTION NO.  3:06cv018HTW-JCS

STATE OF MISSISSIPPI,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CHRISTOPHER EPPS,
FORREST COUNTY SHERIFF'S DEPARTMENT,
BILLY MCGEE, OFFICER BRIAN AUST,
AND PETAL POLICE DEPARTMENT                                            DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action as well as her amended complaint and several response, the Court makes the following findings and conclusions.  In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived her of a right secured by the Constitution or other law of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).  The plaintiff named the State of Mississippi, the Mississippi Department of Corrections and the Mississippi Parole Board as defendants in this cause.  The Mississippi Department of Corrections and the Mississippi Parole Board are agencies or departments of the State of Mississippi and as such, it is like naming the State of Mississippi as a defendant.  With this in mind, this Court finds that the state is not a "person" within the meaning of § 1983.  See  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).  Hence, the plaintiff cannot maintain this civil action against defendants State of Mississippi, Mississippi Department of Corrections and the Mississippi Parole Board.  Accordingly, it is

**ORDERED** that the State of Mississippi, the Mississippi Department of Corrections, and the Mississippi Parole Board are dismissed as defendants in this action.

**It is the plaintiff's responsibility to prosecute this case.  Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 6th day of February, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-18 HTW-JCS
Order